LECHE, J.
The petitioners in the above matter allege that they are the sole heirs of their late mother, Eiise Duhon, who died in the year 1914; that their mother inherited certain property, bequeathed to her by her predeceased uncle, Clairville Granger; that the last will and testament of Clairville Granger was duly probated; that an inventory of the effects of said succession was duly taken and Joseph Vileor Duhon appointed and qualified as testamentary executor ;• that the record of said proceedings was destroyed by fire when the courthouse of the parish of Calcasieu was burnt on April 23, 1910. They further allege that they are entitled to have said destroyed records revived, restored, and re-established as provided in Act No. 57 of 1886, as amended by Act No. 30 of 1900.
This proceeding was taken contradictorily with all the heirs of the late Clairville Granger, as provided in said Acts of 1886 and 1900.
In their answer, the defendants attack the validity of the will of the late Clairville Granger and also question the validity of the proceedings in which the will was probated, and they also seek to have the relative rights of plaintiffs and of themselves in and to the succession of Clairville Granger passed upon and adjudicated. They virtually admit the burning of the courthouse of Calcasieu, the existence of a will by Clairville Granger, *228 which will, in due time, was probated in the course of judicial proceedings, and the destruction by fire of the record evidencing the same.
According to the provisions of section 4 of the Act No. 57 of 1886, p. 93, the only issue triable in a proceeding of this kind is whether the documents or instruments in writing sought to be restored ever did exist, and, if they did, whether they were destroyed. These two facts being affirmatively shown, it then must appear by sufficient evidence what was the character, nature, and purport of the written instruments, in order to justify the court in restoring and re-establishing the samé. So that the validity of Glairville Granger’s will, and of the mortuary proceedings by which the will was probated, as well as the relative rights of the parties, plaintiffs and defendants, in and to the 'succession, are not pertinent to the issue, and these questions remain unaffected by any judgment that may be rendered herein.
The nature of this action, as provided for in the cited acts of the Legislature, implies that the only proof which can be procured must of necessity be secondary evidence because its purpose is to supply and re-establish primary evidence. If the original documents, constituting the primary evidence, were in existence there would be no reason to institute this action. Even parol proof is admissible for such a purpose. C. C. art. 2279.
On this appeal defendants question the sufficiency of the proof offered by plaintiffs, but in our opinion the evidence, consisting of fragmentary documents, a certified copy of the will, abstracts from the record made before the fire of April 23, 1910, the identity and correctness of which are established by the testimony of reliable witnesses, is ample to sustain the judgment from which the defendants have appealed.
For these reasons the judgment appealed from is affirmed.